UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TINA B.,                          )
                                  )
         Plaintiff                )
                                  )
v.                                )     No. 1:18-cv-00090-LEW
                                  )
ANDREW M. SAUL,                   )
Commissioner of Social Security,[1] )
                                  )
         Defendant                )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in rejecting the opinions of all medical experts of record that she had a reaching limitation, ignoring post-hearing evidence documenting the existence of bilateral carpal tunnel syndrome, and crafting her mental residual functional capacity ("RFC"). *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 3-13. I agree that the ALJ's omission of a reaching limitation is unsupported by substantial evidence and, on that basis, recommend that the court vacate the commissioner's decision and remand this

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2016, Finding 1, Record at 35; that she had the severe impairments of degenerative disc disease ("DDD"), bipolar disorder, generalized anxiety disorder, post-traumatic stress disorder, and alcohol dependence, Finding 3, *id*. at 36; that she had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she was precluded from all but occasional postural adaptation (stooping, kneeling, crouching, crawling, balancing, or climbing ramps and stairs), could have no exposure to hazards such as unprotected heights and dangerous machinery, could not climb ladders, scaffolds, and ropes, was relegated to simple, routine, repetitive tasks involving no more than occasional exercise of independent judgment or discretion or occasional changes in work processes, and could have no interaction with the general public, Finding 5, *id*. at 40-41; that, considering her age (49 years old, defined as a younger individual, on her alleged disability onset date, September 23, 2013), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 51; and that she, therefore, had not been disabled from September 23, 2013, her alleged onset date of disability, through the date of the decision, April 5, 2017, Finding 11, *id*. at 52-53. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The record contained four expert opinions bearing on the plaintiff's physical RFC as of the relevant time period.

In a March 19, 2015, report, agency examining consultant Robert N. Phelps Jr., M.D., indicated, in relevant part, that the plaintiff's medical records documented "significant cervical disc problems" and that she had "[p]inched nerves in neck due to cervical disc disease with numbness of the right arm by history with an exam showing diffuse right trapezial, clavicular, acromio-clavicular joint and scapular tenderness to palpation, markedly limited cervical flexion and extension, markedly limited cervical rotation, especially to the right with pain, markedly positive Spurling's test, [and] diffuse right arm weakness[.]" Record at 466. He also noted

"[m]arkedly limited range of motion of the shoulders with pain[.]" *Id*. He concluded that the plaintiff's "ability to reach" was "severely limited bilaterally[.]" *Id*. at 467.

In RFC assessments dated March 26, 2015, and October 27, 2015, respectively, agency nonexamining consultants Richard T. Chamberlin, M.D., and J.H. Hall, M.D., both described the plaintiff's ability to reach overhead as "[l]imited[,]" explaining, "No reaching overhead with either upper extremity to avoid hyperextension of the neck." *Id*. at 127-28, 159-60.

Finally, the plaintiff's treating physician, Rosalind Waldren, M.D., completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) dated April 8, 2015, in which she indicated that the plaintiff could reach only occasionally. *See id*. at 590.

The ALJ gave "great weight, with some modification," to the Hall assessment, explaining that he had "not adopted Dr. Hall's finding of no overhead reaching bilaterally, as it [wa]s not supported by the evidence of record overall, including the [plaintiff]'s lack of objective radiculopathy or upper extremity dysfunction, physical activities, and her work history, including her work as a painter at the medium work capacity with no intervening objective worsening of her DDD, as detailed in this Decision." *Id*. at 45-46 (citation omitted).

The ALJ accorded "less weight" to the Chamberlin assessment and "very little weight" to both the Waldren and Phelps assessments, deeming them inconsistent with the evidence as a whole, including the objective medical evidence and the plaintiff's work history and daily activities. *Id*. at 46, 48.

Finally, the ALJ gave "some weight" to a December 17, 2012, assessment by agency examining consultant Robert Charkowick, D.O., that the plaintiff was generally healthy and had no work-related physical restrictions, which, in the ALJ's view, "underscore[d] the disparity between the [plaintiff]'s subjective report of her symptoms and her overall unremarkable physical

examination at that time, as well as the unreliability of [her] self-report overall." *Id*. at 48-49 (citation omitted), 446. However, he acknowledged that the Charkowick report preceded the plaintiff's alleged onset date of disability and, therefore, was "of limited probative value in assessing [her] functional abilities during the relevant time period" and was "not adopted[.]" *Id*. at 48-49.

An "ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir. 1999) (citations omitted). "With a few exceptions . . ., an ALJ, as a lay person, is not qualified to interpret raw data in a medical record." *Manso-Pizarro,* 76 F.3d at 17.

The plaintiff contends that, in this case, the ALJ substituted his judgment for that of the experts, warranting remand. *See* Statement of Errors at 3-5. The commissioner rejoins that, to the contrary, the ALJ properly declined to adopt a reaching limitation, identifying substantial record evidence in support of its exclusion. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 2-6. The plaintiff has the better argument.

To the extent that the ALJ relied on the objective medical evidence in rejecting the experts' reaching limitation, he improperly substituted his lay judgment for theirs. To the extent that he relied on the plaintiff's activities of daily living, "a claimant's activities of daily living, standing alone, do not constitute substantial evidence of a capacity to undertake full-time remunerative employment[.]" *Rucker v. Colvin*, Civil No. 2:13-CV-218-DBH, 2014 WL 1870731, at *7 (D. Me. May 8, 2014) (citations omitted).[3] Finally, to the extent that he relied on

---

[3] Moreover, as the plaintiff's counsel contended at oral argument, it is not self-evident that the activities on which the ALJ relied, including riding a bicycle, caring for grandchildren, doing household chores, watching television, sewing, and crocheting, *see* Record at 45, undercut the experts' finding that the plaintiff had a limitation in her ability to reach.

5

the plaintiff's work history, concluding that there had been "no intervening objective worsening of her DDD[,]" Record at 46, he again improperly substituted his lay judgment for that of the experts.

The ALJ's rejection of the reaching limitation, hence, is unsupported by substantial evidence. That, in turn, undermined his reliance on the testimony of a vocational expert to carry the commissioner's Step 5 burden of demonstrating that the plaintiff was capable of performing jobs existing in significant numbers in the national economy. *See* Record at 52, 109-10; *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 18th day of July, 2019.

/s/ John H. Rich III  
John H. Rich III  
United States Magistrate Judge